UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| DONYELLE CROFT, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:20-CV-162-TAV-DCP |
| SGT. R. TRAVIS and KNOX COUNTY JAIL, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1] in which Plaintiff alleges that Defendant Sgt. Travis denied his requests to call his attorney after he and this Defendant exchanged "foul words" during one of Plaintiff's lawyer visits and a motion for leave to proceed *in forma pauperis* [Doc. 4]. The Court will address Plaintiff's motion for leave to proceed *in forma pauperis* before screening the complaint in accordance with the Prison Litigation Reform Act ("PLRA").

**I.     FILING FEE**

First, it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] that he lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**.

Because Plaintiff is an inmate in the Knox County Detention Facility, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust

account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING

### A. STANDARD

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard

articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983; *Polk Cty. v. Dodson*, 454 U.S. 312, 315 (1981).

**B.   Allegations of the Complaint**

As set forth above, Plaintiff alleges in his complaint that after he and Defendant Sgt. Travis exchanged "foul words" during one of Plaintiff's visits with his attorney, this Defendant denied Plaintiff's requests to call his attorney [Doc. 1 p. 4–5].

Specifically, Plaintiff states that he called his attorney on February 5, 2020, and Defendant Sgt. Travis therefore rightfully denied Plaintiff's request for another call to his lawyer on February 11, 2020, due to the "weekly call limit" [*Id.* at 4].

3

However, Plaintiff states that on February 14, 2020, Defendant Sgt. Travis again denied his request to call his attorney because he had made a call on February 10, 2020, to Julie Kuykendall "who is not [his] attorney or who [he] requested to speak with" [*Id.*].

On February 17, 2020, Lt. Turner approved Plaintiff's request for an attorney phone call "upon verification" [*Id.*].

On February 21, 2020, Defendant Sgt. Travis responded to Plaintiff's request for an attorney phone call by stating that "they will get to it," but Plaintiff refers to this request as "denied" [*Id.*].

On February 26, 2020, Sgt. Ward approved Plaintiff's request for an attorney phone call, but Plaintiff never got that call [*Id.*].

On March 4, 2020, Defendant Sgt. Travis again denied Plaintiff's request for an attorney phone call due to his call on February 10, 2020, and Plaintiff "was called a liar" [Id.].

On March 5, 2020, Plaintiff again requested an attorney phone call and "explained while apologizing why he would be confused and why [Plaintiff] need[ed] to speak" to his attorney, but Defendant Sgt. Travis stated that Plaintiff could not call his attorney until he can make bond [*Id.*].

On March 7, 2020, Defendant Sgt. Travis denied Plaintiff's request for an attorney phone call by stating that Plaintiff "can't call every week" [*Id.*].

On March 10, 2020, Defendant Sgt. Travis denied Plaintiff's request for an attorney phone call because Plaintiff did not have court until March 20, 2020 [*Id.*].

On March 11, 2020, Defendant Sgt. Travis denied Plaintiff's request for an attorney phone call because Plaintiff "can only make calls if he approve[s] them" [*Id.*].

On March 14, 2020, Sgt. Oldham approved Plaintiff's request to call his attorney and Plaintiff finally got his approved attorney phone call from February 17, 2020 [*Id.*].

C. Analysis

First, Knox County Jail is not a suable entity under § 1983, *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under §1983"), and Plaintiff has not set forth any facts from which the Court can plausibly infer that any custom or policy of Knox County caused any violation of his constitutional rights such that this municipality could be liable for such a violation under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a governmental entity may be liable under § 1983 only where its official custom or policy causes a constitutional rights violation).

Additionally, Plaintiff's claim that Defendant Sgt. Travis has denied his requests to call his attorney after Plaintiff and Defendant Sgt. Travis exchanged foul words during one of Plaintiff's visits with his attorney likewise fails to state a claim upon which relief may be granted under §1983. Prisoners retain their First Amendment rights "not incompatible with their status as prisoners, 'or with the legitimate penological objectives of the corrections system.'" *Jones v. Caruso*, 569 F.3d 258, 267 (6th Cir. 2009) (citing *Pell v. Procunier*, 417 U.S. 817, 832 (1974)). However, prisoners have "no right to unlimited telephone use." *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994), *accord United*

5

*States v. Footman*, 215 F.3d 145, 155 (1st Cir. 2000) (observing that "[p]risoners have no per se constitutional right to use a telephone"). Additionally, "[i]n order to state a § 1983 cognizable claim for deprivation of right to counsel, there must be some allegation indicating an interference with the prisoner's relationship with counsel." *Stanley v. Vining*, 602 F.3d 767, 770 (6th Cir. 2010). As Plaintiff has no constitutional right to use of a telephone and has not alleged any interference with his relationship with his counsel, Plaintiff's complaint fails to state a claim upon which relief may be granted based on Defendant Sgt. Travis's denial of his requests to call his attorney.

Moreover, to the extent that Plaintiff intended to assert a claim for retaliation in violation of his constitutional rights based on Defendant Sgt. Travis's denials of his requests to call his attorney, his complaint fails to state a claim upon which relief may be granted under § 1983 for such a claim. A claim for retaliation in violation of § 1983 requires a plaintiff to demonstrate that (1) he "engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). However, a prisoner's verbal altercation with a guard is not protected conduct. *Higgs v. Easterling*, No. 3:11-CV-P499-S, 2012 WL 692610, at *14 (W.D. Ky. Mar. 2, 2012); *Caffey v. Maue*, 679 F. App'x 487 (7th Cir. Feb. 15, 2017) (holding that an inmate's act of calling guards unprofessional was a challenge to the guards' authority that was not protected by the First

Amendment); *Felton v. Huibregtse*, 525 F. App'x 484, 487 (7th Cir. 2013) (holding that the use of disrespectful language was not protected conduct) (citing cases).

Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983 as to any Defendant and this action will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to mail a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to furnish a copy of this order to the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER**:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE